## 21581. SAVANNAH ELECTRIC & POWER COMPANY v. PLANTERS ELECTRIC MEMBERSHIP CORPORATION.

CANDLER, Justice. The exception here is to a judgment sustaining a general demurrer to a petition which Savannah Electric & Power Company filed against Planters Electric Membership Corporation, in which it sought to enjoin the defendant from furnishing electric current to a named person who was erecting a new home in a rural area, a person who was not receiving such service from any source but who had applied to the defendant therefor and the defendant was preparing to furnish him with such service, though the home he was erecting was located in a rural area in which the plaintiff was then supplying electric energy to residents thereof. The petition in substance alleges that a corporation organized under the Electric Membership Corporation Act of 1937 (Ga. L. 1937, p. 644) as subsequently amended in 1939 and 1960 (Ga. L. 1939, p. 312; Ga. L. 1960, p. 5), cannot be granted corporate authority to supply electric service to any person residing in a rural area which is receiving such service from an electric corporation subject to the jurisdiction of the Georgia Public Service Commission or from any municipal corporation. No contention is here made that the person who has applied to the defendant for electric service is not a resident of a rural area as the term "rural area" is defined by the act of 1937 and the amending act of 1960. The sole question presented for decision is whether or not the defendant has corporate au-

thority to supply an applicant who resides in a rural area with electric service, who is not receiving such service from a corporation which is subject to the jurisdiction of the Georgia Public Service Commission, and which is supplying electric service to residents of the rural area where the applicant resides. No attack is here made on the validity of the Electric Membership Corporation Act of 1937, or on its validity as subsequently amended. It is clear from the provisions of the original act that a corporation organized thereunder has no corporate authority to render electric service in a city, town or village having a population in excess of 1,500, except where an adjacent rural area in which it is rendering service is annexed to such a city, town or village and then only as provided by the act of 1960. Neither can it render electric service to persons residing in a rural area who are receiving such service from an electric corporation subject to the jurisdiction of the Georgia Public Service Commission or from a municipal corporation; but section 3 of the original act provides: ". . . That cooperative, non-profit, membership corporations may be organized under this act for the purpose of engaging in rural electrification by any one or more of the following methods: (1) The furnishing of electric energy to persons in rural areas who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation. (2) Assisting in wiring of the premises of its members or the acquisition, supply, or installation of electrical or plumbing equipment therein. (3) The furnishing of electric energy, wiring facilities, electrical or plumbing equipment or services to any member corporation organized under this Chapter." *Code Ann. Supp.* § 34A-103. And section 10 of the original rural electric membership act in fixing or prescribing the "Qualification of members" of any corporation organized under the provisions of the act declares: "That all persons in rural areas proposed to be served by the corporation *who* are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation, shall be eligible for membership in a corporation organized under this Act. No persons, other than the incorporators shall be, become or remain a member of [such] a corporation unless such person shall use or agree to use electric

energy or, as the case may be, the facilities, supplies, equipment, and services furnished by [such] a corporation. . ." *Code Ann. Supp.* § 34A-111. It seems clear to us and it is accordingly held that the words employed and used in the above quoted section of the act, namely, "all persons in rural areas proposed to be served by the corporation who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation" refer to *persons* residing in rural areas and not to the *rural areas* in which such persons reside. Since the petition in the case at bar clearly shows that the applicant for electric service resides in a rural area; that he has applied to the defendant for electric service which it has agreed to supply; and that he is not receiving such service from the plaintiff or any municipal corporation, we hold that the petition fails to state a cause of action for the relief sought and that is was properly dismissed on general demurrer. Here, the plaintiff seeks to prevent the defendant from engaging in a competitive electric business with it in a rural area; and, since their creator did not see fit to prevent one from competing fairly with the other in such an area, it is elementary that the courts are unauthorized to do so. *Judgment affirmed. All the Justices concur, except Head, P. J., who dissents.*

ARGUED APRIL 9, 1962—DECIDED MAY 7, 1962—
REHEARING DENIED MAY 21, 1962.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Walter C. Hartridge II,* for plaintiff in error.

*W. Colbert Hawkins, H. Cliff Hatcher,* contra.

HEAD, Presiding Justice, dissenting. The beneficent result anticipated from the enactment of the Federal "Rural Electrification Act" of 1936 (7 U.S.C.A. § 902), and the act of the General Assembly of Georgia of 1937 (Ga. L. 1937, p. 644) as amended, is not advanced by the opinion and judgment of the court in the present case.

Paragraph 2 of the petition alleges in part that the Planters Electric Membership Corporation "on or about December 12, 1961, in contravention of the limitations imposed upon it by the Electric Membership Corporation Act of 1937 as revised, be-

gan the construction of new power lines in an area already served by your petitioner by erecting poles and stringing power lines along the western side of Georgia Highway No. 21, such lines being carried through the Town of Shawnee, Effingham County, Georgia, said lines now being constructed under and across the existing lines of your petitioner. The purpose of these operations is to furnish electric service to A. E. Graham, Jr., whose new residence is now under construction and is situated on Georgia Highway 21, approximately 1,200 yards south of Shawnee in an area which has been served by your petitioner under the supervision of the Georgia Public Service Commission since 1940."

The defendant's demurrer, sustained by the trial judge, recites: "That the allegation in the petition as amended does not set out a cause of action against this defendant because under the Electric Membership Corporation Act of 1937, as revised, it does not prohibit the serving by the defendant of anyone in a rural area, who is now being served by a corporation regulated by the Public Service Commission of the State of Georgia."

As I construe the opinion of the court in the present case, it rests solely on the fact that the person constructing a new home in a rural area and seeking service from the defendant membership corporation was not then *receiving* electrical service or energy from a company under the jurisdiction of the Georgia Public Service Commission.

Paragraph 1 of section 3 of the act of 1937 provides where and to whom electrical service by electric membership corporations can be furnished, and reads as follows: "The furnishing of electric energy *to persons in rural areas* who are not receiving electric service from any corporation subject to the jurisdiction of the Georgia Public Service Commission, or from any municipal corporation." (Italics supplied.)

The writer recognizes the general rule that the plural will include the singular. *Code* § 102-102 (4). Therefore one person in a rural area served by an electric membership corporation would be entitled to make application and procure energy from such corporation. As applicable in this State, both the Federal act

846

and the Georgia law contemplate "electric energy to persons in rural areas" not receiving electric service from a corporation subject to the jurisdiction of the Georgia Public Service Commission. The question is not whether or not a person may be actually receiving electrical energy (and admittedly the person to be served in this instance was not because he was constructing a new residence), but whether or not electrical energy is available to him from a corporation under the jurisdiction of the Georgia Public Service Commission. If the energy is available by a corporation under the jurisdiction of the Public Service Commission, such corporation can be required by the Commission to render the service. It is my opinion that it was not contemplated by the terms of the Federal Rural Electrification Act of 1936, or the Georgia Act of 1937, to promote a system of competition with existing public service corporations, but to make electrical energy available to persons in rural areas where existing distributors of electrical energy were unable, or unwilling, to furnish such services. I therefore dissent from the decision and judgment of the court in the present case.